# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID R. DOUTY,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0803**  (BOR Appeal No. 2048048)
                       (Claim No. 2012036723)

**TEN MILE COAL COMPANY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David R. Douty, by J. Thomas Greene Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ten Mile Coal Company, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2013, in which the Board affirmed a January 11, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 20, 2012, decision rejecting Mr. Douty's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Douty filed an application for workers' compensation benefits on April 10, 2012, alleging that he developed right-sided carpal tunnel syndrome during the course of his employment with Ten Mile Coal Company, Inc., while bending roof bolts. Joseph Fazalare, M.D., Mr. Douty's treating physician, completed a questionnaire in response to Mr. Douty's application for workers' compensation benefits, and indicated that Mr. Douty's carpal tunnel syndrome arises from a repetitive strain injury. In response to a question inquiring whether the condition developed as a result of Mr. Douty's current employment, he gave the following

1

response: "possibly, unable to say for sure". On June 15, 2012, Prasadarao Mukkamala, M.D., performed a records review and recommended denying compensability for right-sided carpal tunnel syndrome based on the evidence of record. On June 20, 2012, the claims administrator rejected Mr. Douty's claim for workers' compensation benefits.

In its Order affirming the June 20, 2012, claims administrator's decision, the Office of Judges held that Mr. Douty's claim for workers' compensation benefits relating to right-sided carpal tunnel syndrome was properly denied. Mr. Douty disputes this finding and asserts that the evidence of record demonstrates that he developed right-sided carpal tunnel syndrome during the course of his employment with Ten Mile Coal Company, Inc.

The Office of Judges found that the evidence of record does not contain a definitive finding relating Mr. Douty's carpal tunnel syndrome to his employment with Ten Mile Coal Company, Inc. The Office of Judges noted that Dr. Fazalore, who signed Mr. Douty's application for workers' compensation benefits, could not state with certainty that Mr. Douty's carpal tunnel syndrome is related to his current employment. Further, the Office of Judges noted that Mr. Douty testified in a deposition that he previously filed a workers' compensation claim for right-sided carpal tunnel syndrome with a prior employer, and workers' compensation benefits were paid in the prior claim. The Office of Judges concluded that the evidence of record indicates that Mr. Douty's right-sided carpal tunnel syndrome pre-existed his employment with Ten Mile Coal Company, Inc. The Board of Review reached the same reasoned conclusions in its decision of July 5, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II